IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES L. THORNTON | : | CIVIL ACTON |
| | : | NO. 09-4320 |
| v. | : | |
| | : | |
| ABINGTON SCHOOL DISTRICT | : | |

O'Neill, J.                                                                            December 29, 2009

**MEMORANDUM**

On November 3, 2006, while a student at Abington Senior High School, plaintiff James L. Thornton was seriously injured by a wired glass panel door leading into the school's gymnasium. He filed a complaint against defendant Abington School District on September 22, 2009 alleging state law claims of negligence and vicarious liability and a federal claim under § 1983 of the Civil Rights Act for violations of his rights under the Fifth and Fourteenth Amendments. I have before me defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's response.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id., citations

omitted. The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The Court of Appeals also set forth a two part-analysis for reviewing motions to dismiss in civil actions in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at *5, quoting Iqbal, 129 S. Ct. at 1950. The Court of Appeal explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

Section 1983 of the Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A valid claim under § 1983 must adequately plead three elements: (1) defendants acted under color of law; (2) defendants violated plaintiff's federal constitutional or statutory rights and (3) that violation caused injury to plaintiff. Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005). Section 1983 does not create rights but rather provides an avenue to remedy violations of rights created by the United States Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Here, in count three of his complaint, plaintiff alleges that the School District violated his rights secured by the Fifth and Fourteenth Amendments of the Constitution. Defendant moves to dismiss plaintiff's § 1983 cause of action with prejudice arguing plaintiff has failed to state a claim under the Fifth and Fourteenth Amendments. Defendant also moves to dismiss plaintiff's state law claims without prejudice.

The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law . . . ." The due process clause of the Fifth Amendment does not apply to the acts of state government or state officials, but only to the federal government. Bartkus v. Illinois, 359 U.S. 121, 124 (1959). Plaintiff does not allege that his injuries were caused by any federal officials and does not allege that the School District is a federal agent. Therefore, the Fifth Amendment is not implicated in this case and that claim will be dismissed.

3

The Fourteenth Amendment holds state actors liable for so-called "state-created danger." In DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 198-200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989), the United States Supreme Court held that the Fourteenth Amendment's Due Process Clause generally does not impose an affirmative duty upon the state to protect citizens from the acts of private persons. That case centered around a young boy who suffered severe brain damage after his father badly beat the child. Previously, local officials had made repeated attempts to ensure the safety of a boy from his abusive father. The Supreme Court rejected a claim made by the boy and his mother that the local officials were liable under the "special relationship" theory. Id. at 195-96. The Court stated that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." Id. at 199-200. The following dicta provided the foundation for the "state-created danger" theory of liability:

> While the State may have been aware of the dangers Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them. That the State once took temporary custody of Joshua does not alter the analysis, for when it returned him to his father's custody, it placed him in no worse position than that in which he would have been had it not acted at all; the State does not become the permanent guarantor of an individual's safety by having once offered him shelter. Under these circumstances, the State had no constitutional duty to protect Joshua.

Id. at 201.

Relying on the above language from DeShaney, the Court of Appeals recognized in Kneipp that a plaintiff alleging a Fourteenth Amendment substantive due process violation pursuant to 42 U.S.C. § 1983 could proceed under a "state-created danger" theory where the state

4

actor either plays a part in the creation of the dangers faced by a plaintiff or the state actor renders a plaintiff more vulnerable to those dangers. Kneipp, 95 F.3d at 1205 and 1211 ("we adopt the 'state-created danger' theory as a viable mechanism for establishing a constitutional violation under 42 U.S.C. § 1983."). Under the state-created danger theory, the Court of Appeals requires a plaintiff to prove that (1) "the harm ultimately caused was foreseeable and fairly direct;" (2) the state actor acted with the requisite degree of culpability; (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the plaintiff or that rendered the plaintiff more vulnerable to danger than had the state not acted at all. Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006); see also Ye v. United States, 484 F.3d 634, 637-38 (3d Cir. 2007). In Mark v. Borough of Hatboro, the Court of Appeals noted that "[t]he cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors using their peculiar positions as state actors, leaving a discrete plaintiff vulnerable to foreseeable injury." 51 F.3d 1137, 1153 (3d Cir. 1995). Defendant challenges the sufficiency of plaintiff's allegations with respect to the first and fourth prong of this test.[1]

The fourth element of the state-created danger test requires me to determine "whether the state actor used its authority to create an opportunity which otherwise would not have existed for

---

[1] Because I find that plaintiff fails to meet the requirements with respect to the fourth element, I will not address the adequacy of pleading with respect to the first element.

5

the specific harm to occur." Morse v. Lower Merion School Dist., 132 F.3d 902, 914 (3d Cir. 1997). With respect to this element, the Court of Appeals said, "the dispositive factor appears to be whether the state has in some way placed the plaintiff in a dangerous position that was foreseeable, and not whether the act was more appropriately characterized as an affirmative act or an omission." Morse, 132 F.3d at 915. The Court of Appeals has recently expounded upon this last element of the state-created danger test:

> [A] specific and deliberate exercise of state authority, while necessary to satisfy the fourth element of the test, is not sufficient. There must be a direct causal relationship between the affirmative act of the state and plaintiff's harm. Only then will the affirmative act render the plaintiff "more vulnerable to danger than had the state not acted at all."

Kaucher v. County of Bucks, 455 F.3d 418, 432 (3d Cir. 2006) (quoting Bright, 443 F.3d at 281) (citing Estate of Smith v. Marasco, 318 F.3d 497, 510 (3d Cir. 2003) (holding the fourth element asks if "but for the defendants' actions, the plaintiff would have been in a less harmful position")). In a footnote to the Kaucher opinion, the Court of Appeals clarified that the controlling precedent regarding the fourth element of the state-created danger test was its en banc decision in D.R. by L.R. v. Middle Bucks Area Vo. Tech. School, which affirmed DeShaney and explained,

> liability under the state-created danger theory can only be predicated upon the state's affirmative acts which work to plaintiffs' detriment in terms of exposure to danger. We concluded there was no conflict with cases in which the fourth element was phrased in terms of whether state actors used their authority to create an opportunity that would not otherwise have existed for injury to the plaintiff because state actors' cannot use their authority to create such an opportunity by failing to act.

Kaucher, 455 F.3d at 432 n.9 (internal quotations omitted).

"Accordingly, the fourth element is satisfied where the state's action was the 'but for cause' of the danger faced by the plaintiff." Id. at 432. In the first case in which our Court of Appeals found that there was a state-created danger, the Court determined there was sufficient evidence in the summary judgment record to show that the defendants used their police authority to create a dangerous situation or to make the victim more vulnerable to danger than if the police had intervened. Kneipp, 95 F.3d at 1209 ("[B]ut for the intervention of the police, [her husband] would have continued to escort [her] back to their apartment where she would have been safe."). The Court found that "[a]s a result of the affirmative acts of the police officers, the danger or risk of injury to [the victim] was greatly increased." Id.

"Where the state's action is not the 'but for cause' of the plaintiff's harm, the fourth element is not satisfied." Kaucher, 455 F.3d at 433. A "failure[] to act cannot form the basis of a valid § 1983 claim." Id. at 433 n.11 (citing Bright, 443 F.3d at 283-84 (failure to hold revocation hearing for an individual in violation of his parole prior to his killing an eight-year old girl); Morse, 132 F.3d at 907-8 (failure to prevent mentally disturbed individual from entering school and attacking teacher); Searles v. Se. Penn. Transp. Auth., 990 F.2d 789, 794 (3d Cir. 1993) (failure to maintain railcars in a safe condition); D.R. by L.R., 972 F.2d at 1376 (failure of school officials to investigate and stop instances of sexual abuse of students); Brown v. Grabowski, 922 F.2d 1097 (3d Cir. 1990) (failure to file criminal charges against individual who repeatedly threatened and assaulted former girlfriend, despite reports to the police by the victim and her family).

Here, plaintiff has not alleged affirmative acts that were the "but for cause" of the injury

7

he suffered. The plaintiff alleges that the failure of the School District to take appropriate steps to address the danger posed by the wired glass panel door put plaintiff in a foreseeable, dangerous position. The alleged acts taken by the School District were that it "exposed" plaintiff to and "ignored" the alleged danger created by the wired glass panel doors. Comp. ¶ 49 and 52. As in Kaucher, plaintiff attempts to frame his "claim in terms of actions affirmatively creating dangerous conditions." 455 F.3d at 433. However, at their core the allegations amount to the School District's failure to take actions sufficient to prevent his injury, i.e. failing to replace the wired glass panel doors. The action, or lack thereof, of the School District in failing to replace the doors did not directly result in plaintiff's injury. The plaintiff has not, and cannot, allege that the School District affirmatively used its authority in a way that created a danger to him or that rendered him more vulnerable to danger than had it not acted at all. Accordingly, I will dismiss plaintiff's Fourteenth Amendment claim. Because I find plaintiff has failed to state a cause of action with respect to both of his Constitutional claims, I will dismiss his § 1983 cause of action with prejudice.

"[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Plaintiff has not argued, nor do I find, any justification for exercising pendant jurisdiction over his remaining state law claims. The parties

have yet to commence formal discovery. Therefore, I will also dismiss those claims without prejudice for lack of subject matter jurisdiction.

The attention of counsel is drawn to 42 Pa. Cons. Stat. Ann. § 5103(b) which provides that matters dismissed by a federal court for lack of subject matter jurisdiction may be refiled in the appropriate state court without regard to the limitations period. An appropriate Order follows.